# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:15-CR-42-2-TLS |
| | ) | [1:18-CV-172] |
| | ) | |
| SHAIKI SUTTON | ) | |

## OPINION AND ORDER

The Defendant, Shaiki Sutton, is serving a sentence for attempting to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a) and (b) (Count 3), and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count 5). For purposes of the Count 5 § 924(c) conviction, the crime of violence was the attempted Hobbs Act robbery that was set forth in Count 3. The Defendant now seeks to vacate his conviction and sentence under § 924(c) [Motion to Vacate Judgment Under 28 U.S.C. § 2255, ECF No. 313]. The Defendant predicates his Motion on the Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). He argues that attempted Hobbs Act robbery is not a crime of violence because the residual clause definition of a crime of violence, § 924(c)(3)(B), is unconstitutionally vague. He maintains that even if Hobbs Act robbery is a crime of violence under the elements clause, § 924(c)(3)(A), his conviction was only for attempted robbery, which does not qualify.

The Government has filed a Response [ECF No. 320], asserting that a defendant may not generally raise an issue for the first time on collateral attack that he could have presented at trial or on direct appeal. The Government asserts that the Defendant cannot establish cause or prejudice for this procedural bar, as all relevant cases were decided, or at least pending, prior to his January 31, 2018, sentencing date. Moreover, these cases establish that Hobbs Act robbery,

including attempted robbery, is a crime of violence under the elements clause. With respect to *Dimaya*, the cases show that it has no application to the Defendant's case.

## ANALYSIS

The Defendant's judgment of conviction was entered on January 31, 2018. He filed his Motion to Vacate on June 11, 2018.

Section 2255 allows a person convicted of a federal crime to seek to vacate, set aside, or correct his sentence. This relief is available only in limited circumstances, such as where an error is of jurisdictional or constitutional magnitude, or where there has been an error of law that "constitutes a fundamental defect which results in a complete miscarriage of justice." *See Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004). Motions to vacate a conviction or correct a sentence ask a court to grant an extraordinary remedy to a person who has already had an opportunity of full process. *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006). A Section 2255 motion is not a substitute for a direct criminal appeal nor is it a means by which a defendant may appeal the same claims a second time. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) (relief under 2255 "will not be allowed to do service for an appeal"); *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007) (Section 2255 motion is "neither a recapitulation of nor a substitute for a direct appeal.") (citation omitted).

A defendant can raise a procedurally barred constitutional issue if he can show that there was cause for failing to raise an issue on appeal and that prejudice resulted therefrom. *Cross v. United States*, 892 F.3d 288, 294–95 (7th Cir. 2018). Meeting the cause and prejudice standard is more difficult than establishing "plain error." *See United States v. Frady*, 456 U.S. 152, 162–66 (1982). He can also raise a barred constitutional issue if he can show that the Court's failure to

hear the issue would result in a fundamental miscarriage of justice—which requires an actual showing of innocence. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996); *see also U.S. ex rel. Bell v. Pierson*, 267 F.3d 544, 551–52 (7th Cir. 2001) (explaining that petitioner must show that "it is more likely than not that no reasonable juror would have convicted him in light of new evidence") (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (ellipses omitted)).

The Defendant argues that he is actually innocent of the 18 U.S.C. § 924(c) conviction for using a firearm during a crime of violence because Hobbs Act robbery is not a "crime of violence" under that statute. Section 924(c)(1) provide that "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall" receive a term of imprisonment of not less than five years "in addition to the punishment provided for such crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1). The statute creates "an offense distinct from the underlying federal felony." *Simpson v. United States*, 435 U.S. 6, 10 (1978). "Crime of violence" is defined in two ways, the latter of which is commonly referred to as the residual clause and refers to a crime "that by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

The Defendant argues that *Dimaya's* holding regarding the constitutionality of a similarly-worded statute should be applied to § 924(c)'s residual clause. He further maintains that the still intact elements clause, which refers to an offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," *id.* § 924(c)(3)(A), does not apply to his conviction for attempted Hobbs Act robbery.

The Defendant's arguments regarding *Dimaya*, and its implication on § 924(c)(3)(B), is academic. *Dimaya* did "not have anything to do with the elements clause" of § 924(c) or any other statute. *Stanley v. United States*, 827 F.3d 562, 565 (7th Cir. 2016) (holding that a conviction that the sentencing court counted as violent under the elements clause of the Sentencing Guidelines was outside the scope of *Johnson v. United States*, 135 S. Ct. 2251 (2015)). The Defendant's attempted Hobbs Act robbery conviction serves as a valid predicate for his § 924(c) conviction by way of the elements clause, not the residual clause. On March 15, 2016, this Court denied the Defendant's motion to dismiss Count 5 of the Indictment, which is the same § 924(c) charge that he is now collaterally attacking. The Court, in its Opinion and Order [ECF No. 80], unambiguously stated its position that a conviction under Count 3 for attempted Hobbs Act robbery would satisfy as a predicate offense under § 924(c)(3)(A), the elements clause. The Court disclaimed any reliance on the residual clause. The Defendant did not take any direct appeal to challenge that holding.

The Seventh Circuit has held that "Hobbs Act robbery is a 'crime of violence' within the meaning of § 924(c)(3)(A)." *United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017)[1]; *see also United States v. Rivera*, 847 F.3d 847, 848–49 (7th Cir. 2017) (stating that "[b]ecause one cannot commit Hobbs Act robbery without using or threatening physical force, . . . Hobbs Act robbery qualifies as a predicate for a crime-of-violence conviction"). That the Defendant's offense was

---

[1] The Supreme Court later vacated the judgment in *Anglin*, 138 S. Ct. 126 (2017), and remanded the case to the Seventh Circuit for reconsideration of the sentence in light of *Dean v. United States*, 137 S. Ct. 1170 (2017). However, the Seventh Circuit has since observed that the Supreme Court's disposition of *Anglin* has not affected the portion of its ruling on the Hobbs Act. *United States v. Fox*, 878 F.3d 574, 579 (7th Cir. 2017). In *Fox*, the Seventh Circuit reaffirmed that "Hobbs Act robberies are crimes of violence under Section 924(c)(3)(A)." *Fox*, 878 F.3d at 574. The Defendant mistakenly asserts that the Supreme Court has agreed to review the holding in *Fox*. In fact, on April 23, 2018, the Supreme Court denied the petition for writ of certiorari. *See Fox v. United States*, 138 S. Ct. 1603, *reh'g denied*, 138 S. Ct. 2617 (2018).

4

an attempt under Hobbs Act, and not a completed robbery does not alter the conclusion. The Defendant could not have been found guilty of the attempted Hobbs Act robbery as charged in Count 3 of the Indictment unless he "specific[ally] intent[ed] to commit the full robbery" and took "a substantial step toward that end." *United States v. Muratovic*, 719 F.3d 809, 815 (7th Cir. 2013). In any event, the Defendant has not established cause or prejudice for failing to pursue the claim through a direct appeal, or that he is actually innocent of carrying a firearm in connection with a crime of violence.

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing § 2255 proceedings, the Court issues or denies a certificate of appealability under 28 U.S.C. § 2253(c)(2) when it enters a final order adverse to the applicant. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rule 11 of Rules Governing Section 2255 Proceedings. The substantial showing standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

No reasonable jurists could debate whether the Defendant's Motion presents a viable ground for relief. The Defendant has not shown cause and prejudice for failing to bring his claim

5

on direct appeal. The Defendant cannot establish actual innocence; *Dimaya* is irrelevant, in part, because attempted Hobbs Act robbery is a crime of violence under the elements clause of § 924(c)(3). Accordingly, the Court declines to issue a certificate of appealability as to the Defendant's Motion.

## CONCLUSION

For the reasons stated above, the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [ECF No. 313] is DENIED. The Court declines to issue a Certificate of Appealability.

SO ORDERED on April 17, 2019.

                                                s/ Theresa L. Springmann
                                                CHIEF JUDGE THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT